# WILLIAM P. CHANDLER *et al,*
### *v.*
## JOHN HOGLE.

FACTOR—*remittance by draft.* Where parties in this State shipped a car load of hogs to a commission merchant at Buffalo, New York, with instructions to sell and remit proceeds to them, the bailee having sold the hogs, and with the proceeds thereof purchased a draft from a banker of Buffalo on a house in New York city, in favor of the shippers, and remitted it to them on the day of sale, but when presented it was protested: *Held,* that as it was the custom of commission merchants at Buffalo to remit to their correspondents in that manner, and as the banker of whom the draft was purchased was in good credit when it was obtained, the commission merchant acted with due diligence and was not liable for the loss.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. JAMES STEELE, Judge, presiding.

This was a suit in attachment, brought by William P. Chandler and John Donlan, in the Circuit Court of Vermilion county, against John Hogle. The declaration was in assumpsit, on the common count, for goods, wares and merchandise. Defendant filed the general issue, and a trial was had by the court, by consent of parties, without a jury, who found the issues for the defendant and rendered a judgment in bar of the action, and the record is brought to this court on error.

Mr. E. S. TERRY, for the plaintiffs in error.

Mr. O. L. DAVIS and I. B. MANN, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The plaintiffs in error shipped to the defendant in error, a commission merchant in Buffalo, a car load of hogs, with instructions to sell and send proceeds to Danville. The defendant sold the hogs, and, with the proceeds of sale, purchased a draft drawn by H. I. Shuttleworth, dated Buffalo, N. Y., Nov. 1, 1867, on Fisk & Hatch, New York, in favor of the plaintiffs—the draft was received by them on the 5th of November, 1867. The draft, on the day it was received, was deposited by them in a bank at Danville for collection. The draft was protested for non-payment. This action is brought to recover the proceeds of sale.

The cause was tried by the court below, without the intervention of a jury, and judgment rendered in favor of the defendant.

The errors assigned are, that the finding of the court was contrary to the evidence and law, and that judgment should have been rendered for the plaintiffs.

The question is, whether the defendant exonerated himself from liability, by going into market, and, with the proceeds of sale, purchasing a draft payable to his principals, and transmitting the same. Was that a compliance with the instructions, "to send proceeds to Danville?"

The defendant mailed the draft on the same day he bought it and sold the hogs. The banking house of Shuttleworth was then in good credit. The draft appears to have been purchased on Friday, and the banking house failed on the following Monday.

It appears that commission merchants of Buffalo usually remit proceeds of sale by draft on New York.

The evidence satisfactorily shows that the defendant conformed to the usual course of business, and that he conducted

the plaintiffs' business with usual prudence and diligence.   He is not chargeable with negligence.

The judgment of the court below must be affirmed.

*Judgment affirmed.*